RLB, INC., Plaintiff–Appellant,

v.

**US LIFE TITLE INSURANCE COMPANY OF NEW YORK, Defendant–Appellee.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

March 22, 1989.

Permission to Appeal Denied by Supreme Court July 3, 1989.

Tommy E. Doyle, Linden, for plaintiff-appellant.

Fred E. Cowden, Jr., Grissim & Hodges, Nashville, for defendant-appellee.

## OPINION

CANTRELL, Judge.

This is an action against a title insurance company to recover for a defect in the plaintiff's title as to part of the property described in the policy. The chancellor dismissed the action on the grounds that the claim falls within the policy's standard exception for conditions that would be revealed by an accurate survey or an inspection of the premises. We agree and, therefore, affirm.

In August of 1983, James W. Endsley and his wife Willie Mae Endsley conveyed a two and one-half acre tract of land in Perry County to the plaintiff RLB, Inc. The description in the warranty deed showed the property fronting on the north side of a public road. The description was drawn from a 1972 survey by the county surveyor of Perry County.

When RLB erected a fence along the public road, the Tennessee Valley Authority notified the corporation that the fence was located on TVA's property. A later survey revealed that the relevant TVA property line was north of the public road for a significant distance. As a result, RLB's frontage on the road was significantly reduced.

The confusion concerning the location of RLB's boundary line with respect to the road apparently resulted from the fact that the public road had been moved to the south between 1943, when TVA acquired its property, and 1972, when the county surveyor surveyed the property later acquired by RLB. In performing the 1972 survey, the surveyor apparently assumed that the road was in the same position that it had always occupied. Although the surveyor may have been confused, TVA was not; TVA's property line north of the road was clearly marked by boundary markers.

■ RLB had obtained title insurance from the defendant US Title Insurance Company of New York. RLB sued US Title for the defect in title as to the property between the true line and the road. The insurance company denied liability because of the following provision in its policy:

This policy does not insure against loss or damage by reason of the following:

.        .        .        .        .

4. Encroachments, overlaps, boundary line disputed, or other matters which would be disclosed by an accurate survey or inspection of the premises.

After a trial in the Chancery Court of Perry County, the chancellor determined that there was no coverage due to the policy's exception and dismissed RLB's claim. The court's memorandum includes the following findings of fact:

The court finds that the property conveyed to the United States of America and the subject 2½ acre tract overlap to some degree. The court finds that approximately .22 acres of the land described in the deed to the plaintiff in fact belongs to the United States of America,

but that said overlap could not be established, absent an accurate survey.

The court further finds, that in accordance with the testimony of all the witnesses, the boundary of the land of the United States of America is clearly marked by monuments.

On appeal, RLB contends that the facts of this case do not show an overlap, but merely an incorrect description based on an incorrect prior survey. We think, however, that where RLB's deed covers a portion of the land described in a prior deed held by TVA, the facts show a classic case of an overlap. While we are not aware of any authority which defines the term "overlap" as used in this policy, we think that the facts of this case come within the common, ordinary meaning of the term.

■ RLB next asserts that the survey exception should not defeat this claim since the description in its deed was based on a survey (the 1972 survey) which did not reveal the encroachment or overlap. We think the answer to that contention is clear. The reference in the policy to an "accurate survey" could hardly refer to a prior survey which in fact created the overlap.

RLB then proceeds to argue that the true condition on the ground could have been ascertained from the public records and, therefore, the survey exception does not apply. In this argument, RLB relies on the case of *Swanson v. Mid–South Title Insurance Corp.*, 692 S.W.2d 415 (Tenn.Ct. App.1984), in which this court construed the meaning of a "correct survey" in a title policy. The court said: "[I]t is obvious that it [the "correct survey" clause] was meant to take care of situations where a defect or claim is only made apparent by circumstances that exist outside of the record." *Id.* at 419–420. RLB contends that the TVA land acquisition map and the 1943 TVA deed, both of which are of record in the register's office in Perry County, show that the TVA line is north of the road. We are, however, unable to agree that these two records show a conflict with the RLB deed. The critical call in the TVA deed refers to the center line of the road (where it was located in 1943). The de-

scription continues, showing the line running with the road for a distance and then running "S. 84 degrees, 19′ E., 918 feet, crossing a county road at approximately 770 feet." The TVA acquisition map apparently does show the line running north of the road for a substantial distance. But, without extrinsic proof, it would be impossible to locate RLB's property with respect to the northern line of the TVA property. We think the situation presented is exactly what the exclusion in the title policy refers to: a set of facts under which the true location of the boundary line could only be established by an accurate survey.

■ Contrary to RLB's contention, the exception in the title policy for conditions that would be revealed by an inspection also provides a basis for denying coverage. An inspection of the premises in this case would have shown markers along the TVA line on the north side of the road. In fact, the principal officer of RLB testified that he knew the markers were there, but that he thought they marked the boundary of a flowage easement. Flowage easements are apparently commonplace in this area of Perry County. Nevertheless, we think an inspection of the premises would have revealed the defect in RLB's title for which recovery is now sought.

The judgment of the Chancery Court of Perry County is affirmed and the cause is remanded to that court for the collection of its costs and any other proceedings necessary. Tax the costs on appeal to the appellant.

TODD, P.J., and LEWIS, J., concur.